UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIMAR P., <br><br> Plaintiff, <br><br> v. <br><br> Andrew M. SAUL, <br><br> Defendant. | Case No.:  20-cv-1069-AGS <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 3)** |

Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the initial filing fee and his complaint states a claim for relief. So, the Court grants plaintiff's motion.

**Motion to Proceed In Forma Pauperis**

Typically, parties instituting a civil action in a United States district court must pay a $400 filing fee. *See* 28 U.S.C. §§ 1914(a); 1915. But if granted the right to proceed IFP, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff is unemployed and lists his sole income as $194 in monthly food stamps. (ECF No. 3, at 3.) Plaintiff claims no assets except $74 in cash. (*Id.* at 2.) In light of the foregoing, the Court finds that plaintiff has sufficiently shown an inability to pay the initial $400 fee.

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff's complaint states a claim. Plaintiff alleges to have filed a request for disability benefits with the Social Security Administration and pursued that request through an Administrative Law Judge hearing and to the SSA's Appeals Council. (ECF No. 1, at 2.) Plaintiff claims to reside "at Chula Vista, CA," which is within this district. (*Id.*) Plaintiff identifies his allegedly disabling conditions and when his disability arose: "Plaintiff filed for disability benefits based on his severe impairments of cervical spondylosis and cervical radiculitis alleging those impairments imposed significant limitations in the ability to complete a normal workday which rendered him disabled since July 11, 2015." (*Id.* at 3.) Finally, plaintiff indicates the nature of his disagreement with the SSA's reasoning, arguing that the agency "improperly rejected [his] testimony regarding pain, symptom[s], and limitation[s]" and identified three occupations he could perform that "comprise less than 7,000 jobs in the national economy which does not represent a significant number of jobs." (*Id.* at 3-4.)

**Conclusion**

For the reasons set forth above, the Court grants plaintiff IFP status.

Dated: June 15, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge