**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIMAR P., <br><br> Plaintiff, <br><br> v. <br><br> Kilolo KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | Case No.: 3:20-cv-1069-AGS <br><br> **ORDER ON SUMMARY-JUDGMENT MOTIONS (ECF 12 & 13)** |

This social-security claimant alleges that the Administrative Law Judge did not meet the high burden to reject his symptom testimony. But that high burden only applies when there is no evidence of malingering. The ALJ cited strong affirmative evidence that claimant was malingering, so the lower "substantial evidence" standard applies. Under that standard, the ALJ's rejection of claimant's symptom testimony is amply justified.

## BACKGROUND

Edimar P. alleges a disability commencing on July 11, 2015, largely because of back pain. (AR 152-55.) As part of a related worker's compensation claim, Edimar saw a consultative examiner, Dr. Jeffrey Schiffman. (AR 318-52.) Dr. Schiffman conducted a comprehensive examination and opined that Edimar had "no work restrictions," his use of a cane offered "no benefit" and was not "used often" based on the wear pattern, and he had failed all five "Waddell" tests designed to identify symptom amplification and exaggeration. (AR 343, 346-48.)

After that, two different Social Security Administration-hired doctors conducted full reviews of Edimar's Social Security application and found that, with some additional postural limitations, Edimar could do "medium" and "light" work, respectively. (AR 108-17, 119-28.) So, the Administration denied Edimar's request both times. (*See id.*) As a

result, Edimar requested a hearing before an Administrative Law Judge. (AR 141-42.) After that hearing, the ALJ concluded that Edimar suffered from cervical spondylosis and cervical radiculitis. (AR 27.) The ALJ also found more restrictions on Edimar than nearly every doctor who examined him or reviewed his records—the ALJ limited Edimar to "sedentary" work with additional restrictions. (AR 28.)

Relying on vocational-expert testimony about the availability of sedentary jobs in the economy, the ALJ found Edimar qualified for sedentary work in the national economy and thus not disabled. (AR 32-33.) Edimar appeals, arguing the ALJ erred by partially discrediting his testimony about the severity of his ailments.

## DISCUSSION[1]

Normally, an "ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). But that demanding standard "does not apply" "when there is affirmative evidence that the claimant is malingering." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

The ALJ noted here that "Five out of Five Waddell's signs [during Dr. Schiffman's examination] were positive, indicative of symptom exaggeration." (AR 30.) And the ALJ

---

[1] In a notice of new authority, Edimar notes that the Social Security Commissioner during his adjudication may have been unconstitutionally appointed. (*See* ECF 14, at 1-2.) But Edimar doesn't explain how that undermines his adjudication, nor did he request an opportunity to do so. (*See id.*) This undeveloped issue is waived. *See Tina M. v. Comm'r of Soc. Sec.*, No. C20-5478-BAT, 2021 WL 288056, at *2 (W.D. Wash. Jan. 28, 2021) ("A claimant waives an argument by failing to develop it."). And even if it weren't, courts have persuasively rejected the argument that a problem with the Commissioner's appointment is grounds for reversing an adjudication absent "evidence that 'the existence of [the Commissioner's appointment problem] tainted the ALJ's decision.'" *Vanhaitsma v. Kijakazi*, No. 2:21-CV-00482-CLB, 2022 WL 376240, at *5 (D. Nev. Feb. 7, 2022) (*quoting Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021)).

highlighted Dr. Schiffman's observation that "the handle and bottom of the cane demonstrated little to no use[,] indicating that it is not used often and that no significant weight is placed on the cane." (*Id.*) This evidence supports a finding of malingering. *Cf. Makoviney v. Saul*, 830 F. App'x 192, 195 (9th Cir. 2020) (finding evidence of malingering with "at least one Waddell sign" from two doctors). Once an ALJ finds malingering, the Court need only conclude that the ALJ's symptom-testimony decision is supported by "substantial evidence," not clear and convincing evidence. *Id.* at 196.

The ALJ's conclusion about the severity of Edimar's symptoms is supported by substantial evidence. That conclusion was based on two main reasons, reviewed below.

    a. *Conservative Treatment*

One of the ALJ's points—that Edimar only underwent conservative treatment—may not be sufficient. Edimar's treatment consisted of ibuprofen, physical therapy, marijuana for pain, and two epidural steroid injections. (AR 704, 710-14, 797-99.) An ALJ can reasonably infer from conservative treatment that the pain is not as serious as a claimant insists. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (holding that "physical therapy, anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset undermines claimant's allegations of disabling pain"). But the Ninth Circuit has expressed "doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment." *Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014).

    b. *Medical Records*

The ALJ disagreed with much of Edimar's testimony—specifically, Edimar's claims that he "can only sit for ten to fifteen minutes before he must change position," "cannot stand for longer than twenty minutes," "requires a walker or cane to assist him," can "only walk for approximately a half a block" before resting, and "struggles in lifting a gallon of milk." (AR 29 (ALJ's opinion); *see also* AR 91-92 (hearing testimony).)

Edimar does not dispute most of the ALJ's criticisms of his testimony. (*See* ECF 12-1, at 10-11 (ignoring most of his testimony)); *see also Greger v. Barnhart*,

3

464 F.3d 968, 973 (9th Cir. 2006) (holding that a social-security "issue is waived" if not raised in briefing before the district court). Nor could he. The medical record is replete with complaints of pain, but also objective examinations with normal or only modest findings. *See* Appendix A (summarizing objective record examinations).

Instead, Edimar focuses on the ALJ's handling of his testimony about needing a walker or cane. (*See* ECF 12-1, at 10-11.) First, Edimar argues that the ALJ's reading of the record is inaccurate. (*See id.*) The ALJ acknowledged that "the medical evidence indicates that the claimant has used a cane and walker for ambulation" (AR 31), which is true. *See* Appendix A (noting times Edimar's cane and walker use was mentioned by medical professionals). The ALJ also noted that Edimar "was ultimately provided a rollator walker by a physical therapist . . ., but this was not ordered by his primary care physician according to the record." (AR 30.) Again, true. (*See* AR 472.) His primary-care doctor wrote that Edimar "[r]equested" to "use [a] walker," but wrote no prescription for it. (*Id.* (emphasis omitted).) She instead ordered physical therapy for his pain. (AR 473.) The physical therapist then noted his "request[] for [a] walker" and provided him one (AR 470-71), just as the ALJ stated. None of this suggests that the ALJ misread the record.

Edimar next argues that the ALJ's walker-and-cane conclusions were unreasonable. The ALJ determined that "the medical evidence does not support a finding that the claimant has continued to require any assistive devices for ambulation. To the contrary, the evidence indicates that the claimant is able to ambulate without assistance as is evidenced by Dr. Schiffman . . . ." (AR 31.) This is a reasonable reading of the record: Dr. Schiffman explicitly noted that "[t]here appears to be no benefit with use of the cane." (AR 385.) Dr. Schiffman also observed "little to no use on the bottom of the cane or the handle, meaning that it is not used often and no significant weight is put on the cane." (*Id.*) Nor was this a case of cherry-picking the record. Even the one doctor who explicitly disagreed with many of Dr. Schiffman's opinions—the worker's compensation treating physician—nonetheless noted Edimar "has been ambulating with the assistance of a walker which I have recommended against." (AR 866.) When an ALJ's reading of the record is reasonable,

4

the Court is bound by that reasoning. *Molina*, 674 F.3d at 1111 ("[W]hen the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). The ALJ here concluded that the record contradicts Edimar's claim that he needs a cane or walker. That conclusion is supported by substantial evidence.

An ALJ cannot reject a claimant's symptom testimony "solely" because the objective medical record does not "substantiate" those complaints. *See* 20 C.F.R. § 404.1529(c)(2). But here Edimar's symptom testimony is undermined not just by the objective medical record, but also by evidence of malingering. *See Taber v. Astrue*, 383 F. App'x 664, 665 (9th Cir. 2010) ("The ALJ did not err in discrediting Taber's subjective complaints in light of this evidence of malingering and the lack of supporting medical evidence."). With those combined, the rejection of Edimar's subjective symptom testimony is supported by substantial evidence. *See id*.

Finally, the ALJ's error regarding the "conservative treatment" finding is harmless, as the ALJ's rejection of Edimar's symptom testimony is still supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162 ("So long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal." (alteration and quotation marks omitted)).

## CONCLUSION

Thus, Edimar's summary-judgment motion is denied, and the Commissioner's cross-motion for summary judgment is granted. The Clerk is directed to close this case and issue a judgment.

**AFFIRMED.**

Dated:  March 18, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge

# APPENDIX A

| AR # | Date | Provider | Objective Examination Detail |
|---|---|---|---|
| 477 | 3/10/15 | Samuel Park, M.D. (marijuana-prescribing physician) | "TTP [tenderness to palpation] at base of cervical spine" but "grossly intact" functioning. |
| 422 | 5/20/15 | Ethel Aquino Aquilera, D.O. (primary-care physician) | "Positive for joint pain (bilateral elbows) and neck pain" but otherwise normal, given physical medicine referral and exercises. |
| 427 | 6/5/15 | Hai Tein Tran, D.O. (physical medicine specialist) | "Patient does not appear to be in any acute distress," "Gait within normal limit," "TTP right cervical paraspinal," normal strength and sensation. Ordered MRI. 8/4/15 follow-up note about MRI: "moderate Osteoarthritis." Patient chose to pursue "acupuncture." |
| 432 | 8/13/15 | Ethel Aquino Aquilera, D.O. | "Right buttock pain radiating to tailbone" due to a fall, but "[a]ll other [musculoskeletal] systems reviewed and are negative." All other findings normal. |
| 436 | 10/27/15 | Ethel Aquino Aquilera, D.O. | "Right buttock pain," but "[a]ll other [musculoskeletal] systems reviewed and are negative." All other findings normal. |
| 439 | 2/9/16 | Ethel Aquino Aquilera, D.O. | "Right leg pain," but "[a]ll other [musculoskeletal] systems reviewed and are negative." All other findings normal. |
| 441-42 | 2/16/16 | Ethel Aquino Aquilera, D.O. | "Right leg pain," but "[a]ll other systems reviewed and are negative." Also "normal range of motion" in "neck" and "musculoskeletal." |
| 480 | 3/10/16 | Mark L. Rabe, M.D. (marijuana-prescribing physician) | "[G]rossly intact" with no mention of tenderness. |
| 445-46 | 5/13/16 | Ethel Aquino Aquilera, D.O. | "Right leg pain," but "[a]ll other systems reviewed and are negative." First mention of "us[e]" of a "cane to walk." |

| | | | |
|---|---|---|---|
| 376-90 | 6/24/16 | Jeffrey Schiffman, M.D. (worker's comp. evaluator) | Found to have normal sensation/function, strength, and range of motion or a lack of pain or restriction in over 300 tested areas. "[C]urrent symptoms of pain throughout his body correspond to no Orthopedic, musculoskeletal or neurological condition." Exhibited a "fictitious gait pattern." Five out of five Waddell's signs (used to identify "malingering in patients") were positive. |
| 449 | 9/15/16 | Jessica Niebrugge, P.T. | "WNL [within normal limits]" range of motion for all "cervical" tests, with "pain at the end of range" with right and left side bending. Normal strength in all tested areas. "Tenderness to palpation" noted as "mild" only "at right upper trapezius muscle." Mentions cane use. |
| 590-96 | 10/15/16 | Jessica Niebrugge, P.T. | Some pain with range of motion of cervical spine. Normal ROM. |
| 471-72 | 2/7/17 | Ethel Aquino Aquilera, D.O. | Examination noted "right leg pain," "neck pain," and "bilateral hand pain," but all other systems normal. Proscribed ibuprofen, physical therapy, and Flexeril. Mentioned cane use and request for walker but proscribed PT. |
| 470-71 | 2/7/17 | Angela M. Guist, P.T. | "WNL" range of motion, manual muscle testing, and sensation for all upper and lower extremities. But noted cane use and "dec velocity" under gait. |
| 512-14 | 7/22/17 | Veerinder S. Anand, M.D. (worker's comp. treating physician) | "Decreased" range of motion and "tenderness" when testing the neck. "[T]enderness" and two spots of decreased range of motion in the "back/hip." But full "power" and otherwise normal testing. Mentioned walker and cane use. |
| 505-07 | 9/26/17 | Veerinder S. Anand, M.D. | Same as 7/22, but more range of motion in the "back/hip." |

| | | | |
|---|---|---|---|
| 640 | 10/13/17 | Jeffrey Nerenberg, M.D. (physical medicine treating physician) | "[I]mpaired lower extremity strength" and "mild impair in balance with gait" along with "impair lower extremity" motor use, but "good" endurance. Denied patient request "for power equipment given his good mobility." |
| 500-02 | 11/7/17 | Veerinder S. Anand, M.D. | Same as 9/26, except no mention of "pain at end range" for the neck. |
| 493-96 | 12/16/17 | Veerinder S. Anand, M.D. | Same as 9/26. |
| 487-89 | 1/20/18 | Veerinder S. Anand, M.D. | Same as 9/26. |
| 483-84 | 2/24/18 | Veerinder S. Anand, M.D. | Same as 9/26. |
| 859-67 | 2/24/18 | Veerinder S. Anand, M.D. | Discharge report. Same as 9/26, but more in depth, including "[t]enderness" in cervical and trapezius muscles, "marked tenderness about the T4, T5, and T spinous processes," and "difficulty" and "pain" noted with "walking on toes" or "heels" and "standing on right leg" or "left leg." "[P]atient has been ambulating with the assistance of a walker which I have recommended against." "[P]atient is capable of sedentary work only." |
| 687-88 | 5/9/18 | Rachel Tabangcura Pack, D.O. (primary-care physician) | "NO" tenderness to palpitation in back, "ambulates with a Rollator walker," all range of motion "within normal limits" but "painful" or "very uncomfortable." "5/5" for strength. |
| 708 | 8/10/18 | Michael David McBeth, M.D. (lumbar epidural steroid injection physician) | "Decrease extension" for "lumbar spine ROM," tenderness "moderate over the bilateral lumbar paraspinal," 4/5 or 5/5 for all strength, otherwise normal. |
| 768 | 9/1/18 | Edward Brian Markus (EMG provider) | "Moves all extremities well with good strength (5/5 right lower extremity) and coordination. Walker assisted gait." |
| 798 | 11/19/18 | Jaianand Singh Sethee, M.D. (lumbar epidural steroid injection physician) | "[G]ross 5/5 motor strength" and "[a]ble to ambulate in preop area without assistance." |